IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRYAN SCOTT CAVETT #2124183 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv559 |
| BOBBY LUMPKIN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bryan Scott Cavett, an inmate of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Alleged Facts**

Plaintiff alleges that six of his seven bags of property were lost or stolen somehow in the course of his transfer from one prison unit to another on June 17, 2022. (Dkt. #1 at 4.) Specifically, he alleges that he was required to leave the six bags in the custody of a property officer at the Memorial Unit that day and that the property was never delivered to him after his arrival at the Coffield Unit. (*Id.*) He alleges that property officers have been unable to find his property or the relevant records, and that "[e]ven Senior Warden Juan Garcia said he believed [Plaintiff's] personal property . . . [was] more than likely stolen." (Dkt. #1-2 at 6.)

Plaintiff alleges that he has made several attempts to get his property back or be compensated for it through TDCJ administrative procedures, to no avail. He further alleges that he has attempted to follow Texas's legal process to obtain relief for his missing property by filing a

complaint for conversion in the local justice court. (Dkt. #1-1 at 1–2; Dkt. #1-2.) But he has not received any acknowledgement of filing or other response from that complaint. (Dkt. #1-1 at 2.)

Plaintiff sues TDCJ Director Bobby Lumpkin, Coffield Property Officer Eppeland, Memorial Unit Warden Bridgette Hays, and Memorial Property Officers Pollard and Sparks. (Dkt. #1 at 3.) He alleges that Defendant Lumpkin, "[a]s Director, refuses to comply" with Texas statutory law governing payment for missing inmate property and that all other Defendants have refused or failed to comply with applicable TDCJ policies concerning inmate property, departures from unit, and unit transfers. (*Id.*) He seeks replacement of or reimbursement for his missing property pursuant to Tex. Gov't Code § 501.007. (*Id.* at 4.)

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Plaintiff is proceeding *in forma pauperis*, so his complaint is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon

delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

Plaintiff does not state a claim for violation of his federal constitutional rights in connection with the alleged loss of his property. The deprivation of property by a state employee—whether negligent or intentional—does not violate the constitution if the state provides "a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas common law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g.*, *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("In Texas, as in many other states, the tort of conversion fulfills this requirement."); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Texas statutory law also provides that inmates may recover up to $500 for lost or damaged property. *See* TEX. GOV'T CODE §§ 501.007, 501.008; TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two-year statute of limitations for certain causes of action). Because Texas provides an adequate post-deprivation remedy, the loss of Plaintiff's clothing and other personal items does not state a claim for any constitutional violation. *See Hudson*, 468 U.S. at 536.

The fact that Plaintiff has been thus far unable to obtain relief through the available state process does not alter this conclusion. *See Agim v. Lumpkin*, 35 Fed. App'x 389, 2002 WL 758, 769 (5th Cir. April 11, 2002) (holding that state post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his right to seek recovery under state procedural laws). "The fact that a prisoner was unsuccessful in a state court filing, or that he may not be able to recover under Texas state remedies the full amount he could receive in a § 1983 lawsuit, also does not render state remedies inadequate or unavailable." *Pierce v. Garrett*, No. 6:17CV518, 2018 WL 1061341, at *3 (E.D. Tex. Feb. 27, 2018) (citing *Leggett v. Williams*, 277

Fed. App'x 498, 2008 WL 1984271 (5th Cir., May 8, 2008)). If a litigant believes the justice court has failed to act on his complaint as required by Texas law, he still has the ordinary procedural rights available to him in state court, including appeal or petitioning a statutory county court for a writ of mandamus compelling the justice court to act. *See In re Heaven Sent Floor Care*, No. 05-15-01152-CV, 2016 WL 7230387, at *1–2 (Tex. App. Dec. 14, 2016) ("A statutory county court has mandamus power over justice courts," and "[t]his court has appellate jurisdiction over such proceedings."). "Ordinarily, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate appellate remedy." *Id.* at *2 (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004)).

In summary, the existence of an adequate procedure to vindicate Plaintiff's property rights in state court obviates any federal constitutional claim, regardless of whether Plaintiff has successfully completed that procedure.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Traditionally, district courts should permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). There is no plausible amendment to Plaintiff's complaint that would render his property loss claim viable, and judicial economy dictates against inviting a futile amendment in this case.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 20th day of November, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE