UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
───────
No. 6:23-cv-00559
───────

**Bryan Scott Cavett,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.,**
*Defendants.*
───────

### ORDER

Plaintiff Bryan Scott Cavett, a prisoner of the Texas Department of Criminal Justice, proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On November 20, 2023, the magistrate judge issued a report recommending that the amended complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Doc. 5. Plaintiff filed written objections. Doc. 15.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff's complaint concerns the loss of his personal property, which cannot establish any violation of plaintiff's federal rights in light of the adequate state remedy available to him. Doc. 5.

Plaintiff objects that the magistrate judge was "erroneous" and "overzealous" in recommending dismissal without first permitting him to amend his complaint or supplement it in a hearing or questionnaire responses. He repeats the magistrate judge's explanation that these procedural steps are unnecessary when it is clear that plaintiff's claim would remain frivolous. And he acknowledges that a prisoner's loss of property does not create a federal claim where,

as in Texas, there is an adequate remedy in state law. Doc. 15 at 2–3. But he does not assert any facts or law that would save his claim from the scope of that law. His assertion that the state has not "tried to offer any type of settlement agreement for his loss," Doc. 15 at 3, does not establish that the state remedies are inadequate, for the reasons explained by the magistrate judge. Doc. 5 at 4–5.

Moreover, the court has reviewed the amended complaint submitted by plaintiff after entry of the report. Doc. 12. It simply rehashes the loss of his property. For the same reasons explained in the report, that claim fails as a matter of law. Any further amendment in this case would be futile. Plaintiff fails to state a claim for which relief can be granted in either pleading.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objection and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

*So ordered by the court on January 12, 2024.*

J. CAMPBELL BARKER
United States District Judge